FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

DEE DEE BYAS,      )
           )
     Plaintiff,  )
           )
   v.        )  Civil No. 2006-238
           )
LEGISLATURE OF THE VIRGIN  )
ISLANDS, and USIE RICHARDS, in )
both his official and personal )
capacities,       )
           )
     Defendants.  )
_____ )

ATTORNEYS:

Karin A. Bentz, Esq.
St. Thomas, U.S.V.I.
   *For the plaintiff.*

Jeffrey B. Moorehead, Esq.
St. Croix, U.S.V.I.
   *For the defendants.*

Claudette V. Ferron, Esq.
St. Thomas, U.S.V.I.
   *For the defendants.*

<u>MEMORANDUM OPINION</u>

GÓMEZ, C.J.

Before the Court is the motion of the defendants, the Legislature of the Virgin Islands and Senator Usie Richards, to compel the plaintiff, Dee Dee Byas ("Byas") to execute and produce authorizations for release of certain information. Alternatively, the defendants move for dismissal of the complaint

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 2

in this matter as a sanction for failure to produce such

authorizations.

## I.   <u>FACTS</u>

On December 22, 2006, Byas commenced this action against the

defendants.  The complaint asserts several causes of action

related to allegations of sexual harassment in the workplace and

wrongful termination.

On December 3, 2007, the defendants served a request for

written discovery on Byas.  The request purportedly contained a

request for authorizations for the release of certain

information, including social security, credit report, criminal

record, employment, tax, medical, and immigration and

naturalization information.  When the defendants did not receive

the authorizations for release of information from Byas, some

question arose as to whether the authorizations had in fact been

served on Byas in the first instance.

On September 23, 2008, the defendants served a request for

authorizations on Byas.  On October 28, 2008, the Court entered

an Order stating that "[f]act discovery in this matter shall be

completed no later than December 7, 2008 . . . ." (Order 1, ¶ 1,

Oct. 28, 2008.)  As of the date of this Opinion, Byas has not

produced the requested authorizations for release of information.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 3

## II.  <u>ANALYSIS</u>

### A.   Motion to Compel

The defendants ask the Court to compel Byas to execute and produce the requested authorizations for release of information. Pursuant to Federal Rule of Civil Procedure 37(a)(a) requires that a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (2007).

Local Rule of Civil Procedure 37.1 requires that,

> [p]rior to filing any motion relating to discovery pursuant to Federal Rules of Civil Procedure 26-37, other than a motion relating to depositions under Federal Rule of Civil Procedure 30, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible. . . .

LRCi 37.1.

Additionally, Local Rule of Civil Procedure 37.2 provides:

> (a) STIPULATION. If counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1.  The stipulation shall include the moving party's letter requesting a pre-filing conference of counsel and shall be filed and served with the motion.

>                      . . .

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 4

> (c) FAILURE TO FILE STIPULATION. The Court will not
> consider any discovery motion in the absence of (1)
> the signed stipulation and certification required by
> LRCi 37.2(a), or (2) a declaration from counsel for
> the moving party establishing that opposing counsel:
>
>> (1) failed to confer in a timely manner after
>> receipt of a letter requesting a conference
>> under LRCi 37.1; or
>>
>> (2) refused to sign the stipulation and
>> certification required by LRCi 37.2(a).

LRCi 37.2(a),(c).

The instant motion, however, contains no certification that
the defendants have in good faith conferred or attempted to
confer with Byas in an effort to obtain the requested
authorizations for release of information.  Nor have the parties
submitted any stipulation in accordance with Local Rule 37.2,
certifying their compliance with Local Rule 37.1.  Accordingly,
the motion to compel will be denied without prejudice.

**B.   Motion to Dismiss**

The defendants also argue that Byas' claims against them
should be dismissed with prejudice as a sanction for Byas'
alleged failure comply with this Court's orders.  They contend
that Byas violated the Court's scheduling orders by refusing to
provide the requested authorizations.

A party may move the Court to impose sanctions for
violations of pretrial scheduling orders, pursuant to Rule 16(f):

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 5

>       On motion or on its own, the court may issue any
>       just orders, including those authorized by Rule
>       37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
>            (A) fails to appear at a scheduling or other
>            pretrial conference;
>
>            (B) is substantially unprepared to
>            participate--or does not participate in good
>            faith--in the conference; or
>
>            (C) fails to obey a scheduling or other
>            pretrial order.

Fed. R. Civ. P. 16(f)(1).  "Although a finding of bad faith is

generally required for a court to impose sanctions pursuant to

its inherent authority, no express requirement of intent or

negligence exists in the language of Rule 16(f)." *Tracinda Corp.*

*v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

     Courts may impose a wide range of sanctions under Rule

16(f), including, "dismissing the action or proceeding in whole

or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).  Indeed, the United

States Court of Appeals for the Third Circuit has recognized "the

very broad discretion which district courts have to use sanctions

where necessary to ensure compliance with pretrial orders

. . . ." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242

(3d Cir. 2007) (quotation omitted); *see also Tower Ventures, Inc.*

*v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) ("This

flexibility is necessary because the circumstances attendant to

noncompliance are apt to differ widely.  In the last analysis,

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 6

then, the choice of an appropriate sanction must be handled on a case-by-case basis.").

The sanction of dismissal with prejudice, as the defendants have requested, "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (noting this principle in the context of a dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders); *see also Tower Ventures, Inc.,* 296 F.3d at 46 (explaining that "dismissal with prejudice. . . .  is strong medicine, not casually to be dispensed" as a sanction for violating case management orders under Rule 16(f)).  Nonetheless, "a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions." *Tower Ventures, Inc.,* 296 F.3d at 46 (explaining that "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)"); *see also Hicks v. Feeney,* 850 F.2d 152 (3d Cir. 1988) ("The court clearly has the power to dismiss the case as a sanction against a party who fails to obey an order regarding discovery.").

A review of the record in this matter shows that the defendants requested the authorizations for release of information from Byas, at the very latest, on September 23, 2008.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 7

Despite the fact that the Court ordered fact discovery to be completed by December 7, 2008, Byas has still not responded in any manner to the defendants' request for authorizations.

The Court is troubled by Byas' approach.  "If a responding party believes that information sought by a discovery request is privileged or subject to some rule of confidentiality, the responding party must object and/or apply to the court for a protective order." *Gray v. Faulkner*, 148 F.R.D. 220, 222 (N.D. Ill. 1992).  Here, however, Byas has not produced the requested authorizations, has not objected to the requests for the authorizations, and has not sought a protective order from the Court regarding the requested authorizations.

By simply failing to respond or object to the defendants' discovery requests, Byas apparently takes the view that she may conduct discovery in this matter at her own pace, without regard to the deadlines imposed by the Courts orders.  That view ignores the Court's independent interest in administering its docket. *See United States v. Wecht,* 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases."); *Yakowicz v. Pennsylvania,* 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with respect to timing and other considerations that [the district court] has generally in the management of the cases before it as

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 8

they proceed through the various stages before and during trial"); *Titus v. Mercedes Benz of N. Am.,* 695 F.2d 746, 751 (3d Cir. 1982) ("[B]road discretion should be accorded district courts in the management of their calendars.").  Indeed, the Court's broad discretion to issue sanctions for violations of scheduling orders serves to "facilitate[] the expeditious and sound management of the preparation of cases for trial." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

While Byas' approach is of concern to the Court, this case does not involve the sort of extreme circumstances or willful violations of court orders that warrant the sanction of dismissal with prejudice. *See, e.g., DiFrancesco v. Aramark Corp*., 169 Fed. Appx. 127, 131 (3d Cir. March 1, 2006) (holding that dismissal was not warranted as sanction for the plaintiff's failure to comply with scheduling order where there was no showing that the plaintiff caused any other delays, and the delay was not willful or the result of bad faith) (unpublished); *John v. State of La*., 828 F.2d 1129, 1131-33 (5th Cir. 1987) (finding that dismissal with prejudice was an inappropriate sanction for the plaintiff's tardy response to a discovery request, late submission of pretrial order, and failure to make timely filings); *Cf. Orama v. Boyko,* 243 Fed. Appx. 741, 743, 2007 WL 2220452, 2 (3d Cir. Aug. 3, 2007) (affirming the dismissal of an action with prejudice as

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 9

an appropriate sanction in light of the plaintiff's "willful

decision not to comply with past orders, and expressed intention

not to comply with future orders, making it impossible to ready

the matter for trial, and rendering alternative sanctions

ineffective") (unpublished); *Tower Ventures, Inc. v. City of*

*Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) (holding that

dismissal with prejudice was warranted as a sanction for the

plaintiff's violation of the court's scheduling orders, even if

the defendants were not prejudiced by noncompliance, because the

plaintiff repeatedly missed court-imposed deadlines without

sufficient explanation).

Accordingly, the defendants' motion for the sanction of

dismissal will be denied.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the defendants' motion to compel

discovery will be denied without prejudice.  Additionally, the

defendants' motion for dismissal of the complaint will be denied.

An appropriate Order follows.

S\_____

**CURTIS V. GÓMEZ**
**Chief Judge**