FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

DEE DEE BYAS,                    )
                                 )
          Plaintiff,             )
                                 )
          v.                     )      Civil No. 2006-238
                                 )
LEGISLATURE OF THE VIRGIN        )
ISLANDS, and USIE RICHARDS, in)
both his official and personal)
capacities,                      )
                                 )
          Defendants.            )
_____)

ATTORNEYS:

Karin A. Bentz, Esq.
St. Thomas, U.S.V.I.
          *For the plaintiff.*

Jeffrey B. Moorehead, Esq.
St. Croix, U.S.V.I.
          *For the defendants.*

Claudette V. Ferron, Esq.
St. Thomas, U.S.V.I.
          *For the defendants.*


                    MEMORANDUM OPINION


GÓMEZ, C.J.

      Before the Court is the motion of defendants Legislature of

the Virgin Islands (the "Legislature") and Usie Richards,

in his official capacity only ("Senator Richards") (collectively

referred to as the "Moving Defendants"), to dismiss the complaint

in this matter pursuant to Federal Rule of Civil Procedure

12(b)(7) ("Rule 12(b)(7)").  Alternatively, the Moving Defendants

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 2

seek to join indispensable parties pursuant to Federal Rule of
Civil Procedure 19 ("Rule 19").  For the reasons stated below,
the Court will deny the motion.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Dee Dee Byas ("Byas") alleges that she began working as
Assistant Legal Counsel for the Legislature.  According to Byas,
Senator Richards sexually harassed her and created a hostile
working environment.  Byas further alleges that the Legislature
had no sexual harassment policy during her tenure and permitted a
hostile working environment.  She claims to have been terminated
without justification on January 10, 2005, despite her
purportedly exemplary job performance.

Byas thereafter initiated this lawsuit against the
Legislature and Senator Richards, in both his official and
personal capacities.  The complaint asserts the following sixteen
claims: (1) a claim for sexual harassment under 42 U.S.C. §§
2000e *et seq*. ("Title VII"); (2) a Title VII retaliation claim;
(3) a Title VII disparate treatment claim; (4) a 42 U.S.C. § 1983
("Section 1983") claim for violations of due process and equal
protection; (5) a 42 U.S.C. § 1985 ("Section 1985") claim for
conspiracy to violate civil rights; (6) a civil conspiracy claim;
(7) a negligent retention claim; (8) an assault claim; (9) a
battery claim; (10) a false imprisonment claim; (11) a prima
facie tort claim; (12) a claim for intentional infliction of

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 3

emotional distress; (13) a breach-of-contract claim; (14) a claim

for breach of the duty of food faith; and (15) a claim for

violation of public policy.

The Legislature and Senator Richards have each filed an

answer.  Senator Richards, in his personal capacity, has filed a

counterclaim against the Plaintiff, alleging that the Plaintiff

filed a false police report against him.

The Legislature and Senator Richards, in his official

capacity only, now move to dismiss this matter pursuant to Rule

12(b)(7) for failure to join parties or, in the alternative, to

join indispensable parties under Rule 19.  Byas has filed an

opposition.[1]

---

[1]   Certain arguments of Byas are subject to a brief
discussion.  Byas first maintains that the Moving Defendants'
motion is untimely on at least two grounds.  The Plaintiff first
endeavors to support her untimeliness argument by asserting that
the Moving Defendants' waived their right to file a Rule 12(b)(7)
motion because they have already filed an answer.  That argument
is without merit, since the provisions of that rule cannot be
waived.  *See* Fed. R. Civ. P. 12(h) (providing that a motion for
failure to join a person required by Rule 19(b) may be raised at
any time up to and including trial).  Byas' second untimeliness
argument refers to the Court's scheduling order requiring
substantive motions to be filed no later than March 15, 2008 and
the Moving Defendants' filing of the motion on March 18, 2008.
March 15, 2008 was a Saturday.  Federal Rule of Civil Procedure
Rule 6(a)(3) provides that the deadline for substantive motions
is considered the following Monday, or March 17, 2008.  The
Moving Defendants' explain in their reply brief that they had
technical difficulties in accessing the Court's electronic case
filing system on March 17, 2008, and thus had to file their
motion on March 18, 2008.  Given these circumstances, the Court
does not find that the motion is untimely.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 4

## II. <u>DISCUSSION</u>

Before dismissing a complaint under Rule 12(b)(7), a district court must determine whether a missing party is necessary within the meaning of Rule 19. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999). Pursuant to Rule 19, a court must conduct a two-step inquiry to determine whether an action must be dismissed for failure to join a necessary and indispensable party. See FED. R. CIV. P. 12(b)(7); *Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123-24 (2d Cir. 1990). First, the court must focus on whether the presence of the party to the action is necessary:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence the court cannot accord complete relief among existing parties, or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); *see also Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 404 (3d Cir. 1993).

If a party is necessary, but joinder would divest the court of jurisdiction, the court must next decide if the absent party is "indispensable." In making that determination, the Court

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 5

considers: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. FED. R. CIV. P. 19(b); *see Seneca Nation of Indians v. New York*, 383 F.3d 45, 48 (2d Cir. 2004).

These factors "are not exhaustive, but they are the most important considerations in deciding whether to dismiss the action." *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 640 (3d Cir. 1998). "Due to the equitable nature of the inquiry there is no precise formula for determining whether a necessary party is indispensable." *Gateco, Inc. v. Safeco Ins. Co. of Am.*, Civ. No. 05-2869, 2006 U.S. Dist. LEXIS 23386, at *5 (E.D. Pa. Apr. 26, 2006) (citation omitted) (unpublished).

The party moving for dismissal for failure to join an indispensable party "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 494 (S.D.N.Y. 2002) (quoting *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 6

"If a non-party is necessary, cannot be joined, and is indispensable, the action cannot proceed and must be dismissed." *Gateco, Inc.*, 2006 U.S. Dist. LEXIS 23386, at *6 (citing *Janney*, 11 F.3d at 404).

### III. <u>ANALYSIS</u>

The Moving Defendants contend that dismissal or joinder is appropriate because the Plaintiff's designation of the Legislature as a defendant "does not sufficiently identify [her] 'employer' to permit adjudication of [her] claim." (Mot. to Dismiss or Implead 3, March 18, 2008.)  According to the Moving Defendants, the following individuals and/or entities (the "Absent Parties") are indispensable parties in this matter for the following reasons:

1.  The Moving Defendants first assert that former Senator David Jones, President of the 25th Legislature of the Virgin Islands, is an indispensable party in his official capacity because Byas's claims purportedly arose exclusively during that legislative session.  According to the Moving Defendants, Jones "signed the official documents necessary for [Byas'] employment, namely [Byas'] appointment letter and related documentation." (*Id.* at 14-15.)

2.  The Moving Defendants next assert that former Senator Lorraine Berry, in her official capacity as Senator for the 25th and 26th Legislatures, Senate President for the 26th

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 7

Legislature, Senate Vice President for the 25th Legislature, and the Chairperson of the Senate Ethics Committee, is indispensable because she, *inter alia*, actually and officially terminated Byas.

3.   The Moving Defendants claim that Byas's alleged immediate supervisor, Yvonne Tharpes, Esquire, in her official capacities, must be joined because Byas was supervised by Attorney Tharpes, not by the Legislature.  The Moving Defendants further claim that Attorney Tharpes ignored or failed to respond to Byas' claims of misconduct.

4.   The Moving Defendants argue that members of the Senate Ethics Committee for the 25th Legislature, in their official capacities, are indispensable because Byas alleges that the Ethics Committee did not address her grievances before she brought this lawsuit.

5.   The Moving Defendants contend that Almando "Rocky" Liburd in his official capacity as Senator of the 25th Legislature, is indispensable as a member of the 25th Legislature Senate Ethics Committee for the reasons described above.  They also assert that former Senator Liburd is indispensable because Byas alleges that he sexually harassed her on more than one occasion.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 8

6.    The Moving Defendants claim that Adlah "Foncie" Donastorg,

       in his official capacity as Senator of the 25th Legislature,

       is indispensable because Byas alleges that he sexually

       harassed her on more than one occasion.

7.    The Moving Defendants argue that certain legislative staff

       members are indispensable because Byas alleges that they

       sexually harassed her on multiple occasions.

      In essence, the Moving Defendants urge that Byas' claims are
more appropriately brought against her former direct  supervisor
as well as certain members and staff of the 25th Legislature.
The Moving Defendants suggest that each legislative session
constitutes a different legislature, and thus that the
Plaintiff's non-designation of a specific legislative session is
fatal to her claim.

      The parties go to great lengths in their respective
pleadings to show why the Legislature may or may not be sued
under Title VII.  The Moving Defendants also expend much energy
explaining the relationship of the Absent Parties to the factual
allegations at the center of this litigation.  While such
inquiries may be germane at some stage of this litigation, they
currently are not at the center of the Court's inquiry.

       The Court must first determine whether it can award
complete relief among Byas and the Defendants in this matter. *See*
Fed. R. Civ. P. 19(a)(1)(A).  That inquiry is limited to whether

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 9

the Court "can grant complete relief to persons *already named* as
parties to the action; what effect a decision may have on absent
parties is immaterial." *General Refractories Co. v. First State
Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007) (citation omitted)
(emphasis in original); *see also Field v. Volkswagenwerk AG*, 626
F.2d 293, 301 (3d Cir. 1980).

Here, Byas has asserted certain claims arising out of
alleged sexual harassment she suffered while employed at the
Legislature.  One of the named defendants is the Legislature,
which Byas alleges was her actual employer.  The other named
defendant is Senator Richards, in both his official and personal
capacities, the individual who Byas alleges sexually harassed
her.  Byas seeks, *inter alia,* compensatory and punitive damages
as well as reinstatement to her former employment with the
Legislature.  There can be little doubt that this Court can award
Byas such relief.  Indeed, the Moving Defendants do not appear to
advance any counter-argument in this respect.  Consequently, the
Absent Parties are not necessary under Rule 19(a)(1)(A). *See*,
*e.g.*, *Crosby Lodge, Inc. v. Nat'l Indian Gaming Ass'n*, Civ. No.
06-00657, 2007 U.S. Dist. LEXIS 59495, at *16-17 (D. Nev. Aug.
10, 2007) (finding that the court could grant complete relief
between the named parties); *IBM v. Merlin Tech. Solutions, Inc.*,
Civ. No. 06-40174, 2007 U.S. Dist. LEXIS 7390, at *10 (D. Mass.
Feb. 1, 2007) ("Because the Court can grant complete relief

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 10

between the parties before it, . . . the Court concludes that
[the absent party] is not a necessary party under Rule 19, and
that this action can proceed in its absence.").

"Notwithstanding a determination that complete relief may be
accorded to those persons already named as parties to an action,
a court still may deem a party 'necessary' under subsection
[(a)(1)(B)] of Rule 19." *General Refractories Co.*, 500 F.3d at
316. "Unlike subsection [(a)(1)(A)], subsection [(a)(1)(B)]
requires the court to take into consideration the effect that
resolution of the dispute among those parties before it may have
on any absent parties." *Id.* (citation omitted).

"Under Rule 19(a)(1)(B)(I), the court must decide whether
determination of the rights of those persons named as parties to
the action would impair or impede an absent party's ability to
protect its interest in the subject matter of the litigation."
*Id.* (citing FED. R. CIV. P. 19(a)(1)(B)(I); *Janney Montgomery
Scott*, 11 F.3d at 409). "Satisfying Rule [19(a)(1)(B)(I)]
initially requires that the absent party claim a legally
protected interest relating to the subject matter of the action."
*United States v. Payment Processing Ctr., LLC*, Civ. No. 06-0725,
2006 U.S. Dist. LEXIS 75715, at *13 (E.D. Pa. Oct. 18, 2006)
(citations omitted).

Here, the Moving Defendants assert neither explicitly nor
even obliquely that any of the Absent Parties are indispensable,

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 11

claim an interest in this matter or that this Court's eventual

determination of the Defendants' rights would somehow impair or

impede the Absent Parties' ability to protect their interest.  To

the extent the Moving Defendants argue that a determination of

the Defendants' rights in this matter could result in "persuasive

precedent" against the Absent Parties in a later suit against

them arising out of the same facts alleged in this matter, that

argument is unconvincing.  The United States Court of Appeals for

the Third Circuit has explained:

> We are not sure what the district court means by
> the phrase 'persuasive precedent.'  To the extent
> it involves the doctrine of stare decisis, we are
> not inclined to hold that any potential effect the
> doctrine may have on an absent party's rights
> makes the absent party's joinder compulsory under
> Rule 19(a) whenever 'feasible.'  Such a holding
> would greatly expand the class of 'necessary' or
> compulsory parties Rule 19(a) creates.  Moreover,
> to whatever extent the rule's phrase 'as a
> practical manner impair or impede' has broader
> meaning than that given by principles of issue
> preclusion, we think the effect of the federal
> decision must be more direct and immediate that
> the effect a judgment in [defendant's] favor would
> have on [its absent parent corporation] here
> . . . .

*Janney Montgomery Scott*, 11 F.3d at 407; *see also UTI Corp. v.*

*Fireman's Fund Ins. Co.*, 896 F. Supp. 389, 393 (D.N.J. 1995) ("In

*Janney*, the Third Circuit expressly rejected the proposition that

where a piece of litigation may result in a 'persuasive

precedent' against an absent party, the disposition of the action

in that party's absence would impair or impede that party's

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 12

ability to protect its interest within the meaning of Rule
[19(a)(1)(B)(I)].”), *cited with approval in General Refractories*,
500 F.3d at 317.

In short, the pleadings do not reflect that any of the
Absent Parties the Defendants discuss claim an interest in these
proceedings.  At most, the Moving Defendants appear to assert
that some of the Absent Parties are in possession of potentially
relevant evidence and that some of the Plaintiff's claims cannot
be asserted against the Moving Defendants as a matter of law.
Significantly, that assertion has no bearing on a Rule 19
analysis.  Accordingly, no rights of the Absent Parties will be
impeded or impaired, and they are not necessary under
19(a)(1)(B)(I). *See*, *e.g.*, *id.*; *Payment Processing*, 2006 U.S.
Dist. LEXIS 75715, at *14; *Wallkill 5 Assocs. II v. Tectonic
Eng'g, P.C.*, Civ. No. 95-5984, 1997 U.S. Dist. LEXIS 11694, at
*23-24 (D.N.J. July 25, 1997) (recognizing that "[i]ndeed, [the
non-party] has not even claimed an interest in the subject of the
action" in its Rule [19(a)(1)(B)] analysis).[2]

---

    [2]  Rule 19(a)(1)(B)(i) provides that parties with an
interest must be joined only if their absence may "as a practical
matter impair or impede" their ability to protect their interest.
According to Moore's,

        The language "as a practical matter" has a
        restrictive as well as an expansive side.  Thus
        the fact that the absent person may be bound by
        the judgment does not of itself require his
        joinder if his interests are not fully represented
        by parties present; nor does the mere theoretical

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 13

"Under Rule [19(a)(1)(B)(ii)], a court must decide whether continuation of the action would expose named parties to the 'substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.'" *General Refractories*, 500 F.3d at 318; *see also Schulman v. J.P. Morgan Inv. Management*, 35 F.3d 799, 805 (3d Cir. 1994).

Here again, the Moving Defendants exert no effort to explain how they might be exposed to double, multiple, or otherwise inconsistent obligations if the Absent Parties are not joined. Nothing in the record supports such a proposition.[3]  Thus, the Moving Defendants have failed to satisfy their burden of proving

---

possibility of prejudice require joinder.

3A Moore's, para. 19.07 [2.-1], at 19-106 to 19-108.

Here, even assuming the Absent Parties claimed an interest in the matter, the Moving Defendants do not assert that the Absent Parties' interest would not be adequately protected by the Defendants as named in the complaint. *See, e.g., United States v. California*, Civ. No. 06-2649, 2007 U.S. Dist. LEXIS 85845, at *8 n.3 (E.D. Cal. Nov. 8, 2007) (finding that the absent parties "are not necessary parties under Rule 19(a)(2)(i) because their interests are 'adequately represented by existing parties to the suit.'") (citation omitted); *National Union Fire Ins. Co. v. Mason, Perrin & Kanovsky*, 709 F. Supp. 411, 414 (S.D.N.Y. 1989).

[3]  Even if the Moving Defendants contended that nonjoinder of the Absent Parties could subject them to inconsistent adjudications if the Plaintiff filed a separate lawsuit against those parties, such a contention would be unavailing, since the focus of Rule 19(a)(1)(B)(ii) is on inconsistent obligations, not inconsistent adjudications. *See Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (explaining that "'[i]nconsistent obligations' are not . . . the same as inconsistent adjudications or results").

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 14

the necessity of the Absent Defendants under Rule

19(a)(1)(B)(ii). *See*, *e.g.*, *Am. Home Mortg. Corp. v. First Am.*

*Title Ins. Co.*, Civ. No. 07-01257, 2007 U.S. Dist. LEXIS 83337,

at *25 (D.N.J. Nov. 9, 2007) (unpublished); *Travelers Indem. Co.*

*v. Pauline*, Civ. No. 07-00538, 2007 U.S. Dist. LEXIS 57698, at *7

(M.D. Pa. Aug. 8, 2007) (unpublished).[4]

---

[4]  Even assuming the Moving Defendants showed that the Absent Parties are necessary, the Moving Defendants would still have to establish that the Absent Parties are indispensable, as required under Rule 19(b).  That inquiry involves consideration of four non-exclusive factors.

The first and second factors ask "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties," and to what extent such prejudice "can be lessened or avoided." *General Refractories*, 500 F.3d at 320 (citation omitted).  Here, the Moving Defendants state only that some of the Absent Parties have custody of documents relating to the Plaintiff's hiring and termination, but make no claim that those documents would be unavailable to them if the Absent Parties were not joined.  Consequently, the Court sees no prejudice to the Moving Defendants or the Absent Parties.

The third factor asks "whether a judgment rendered in the person's absence will be adequate." *General Refractories*, 500 F.3d at 320-21  "Specifically, this element allows the court to consider whether the relief it grants will prove an adequate remedy for the plaintiff." *Id.* (citation omitted).  The Court has already addressed this factor under Rule 19(a), finding that full relief is available to the Plaintiff.

The fourth factor asks whether the Plaintiff has a remedy if the action is dismissed.  Because the events alleged in the complaint occurred in the Virgin Islands, there is no other federal court in which the Plaintiff could bring her claims.  It appears that the Plaintiff could bring her claims in the Superior Court.  However, "the availability of an alternative forum cannot be the sole basis for dismissing a suit commenced in the federal courts." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1055 (3d Cir. 1988) (citation omitted).  Accordingly, this factor counsels against dismissal.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 15

### IV.   CONCLUSION

For the reasons given above, the Court finds that the Moving Defendants have failed to meet their burden for a Rule 12(b)(7) motion.  Accordingly, the motion will be denied.  An appropriate Order follows.


S_____
       **CURTIS V. GÓMEZ**
        **Chief Judge**