**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN

DEE DEE BYAS,                        )
                                     )
         Plaintiff,                  )
                                     )
     v.                              )      Civil No. 2006-238
                                     )
LEGISLATURE OF THE VIRGIN            )
ISLANDS, and USIE RICHARDS, in       )
both his official and personal       )
capacities,                          )
                                     )
         Defendants.                 )
_____)
```

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Jeffrey B. Moorehead, Esq.**
St. Croix, U.S.V.I.
    *For the defendants.*

**Claudette V. Ferron, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*


<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

    Before the Court is the motion of the defendants, the Legislature of the Virgin Islands (the "Legislature") and Usie Richards, in his official capacity only ("Senator Richards") (together, the "Defendants"), for partial summary judgment against the plaintiff, Dee Dee Byas ("Byas"). For the reasons

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 2

stated below, the Court will grant the motion in part and deny it in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Byas is a former employee of the Legislature. According to Byas, Senator Richards sexually harassed her and created a hostile working environment. Byas further alleges that the Legislature had no sexual harassment policy during her tenure and permitted a hostile working environment. She claims to have been terminated without justification on January 10, 2005, despite her purportedly exemplary job performance.

Byas commenced this action in December 2006 against the Legislature and Senator Richards, in both his official and personal capacities. The complaint asserts the following fifteen claims: (1) a claim for sexual harassment under 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); (2) a Title VII retaliation claim; (3) a Title VII disparate treatment claim; (4) a 42 U.S.C. § 1983 ("Section 1983") claim for violations of due process and equal protection; (5) a 42 U.S.C. § 1985 ("Section 1985") claim for conspiracy to violate civil rights; (6) a civil conspiracy claim; (7) a negligent retention claim; (8) an assault claim; (9) a battery claim; (10) a false imprisonment claim; (11) a prima facie tort claim; (12) a claim for intentional infliction of emotional distress; (13) a breach-of-contract claim; (14) a claim

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 3

for breach of the duty of food faith; and (15) a claim for violation of public policy.

The Legislature and Senator Richards have each filed an answer. Senator Richards, in his personal capacity, has filed a counterclaim against Byas, alleging that Byas filed a false police report against him.

The Defendants now seek summary judgment on the Plaintiff's Title VII sexual harassment claim, Title VII disparate treatment claim, and false imprisonment claim. Byas has filed an untimely opposition to the summary judgment motion.[1]

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

---

[1] The Defendants filed their motion on December 19, 2008. Byas' opposition was due no later than January 8, 2009. *See* LRCi 56.1(b) (2008). Byas failed to file her opposition by that date. Instead, on January 9, 2009, Byas filed a document entitled "Notice of Extension of Time for Plaintiff to Respond to Defendants' Motion for Partial Summary Judgment," which purported to allow Byas to file her opposition by January 26, 2009. Byas again failed to file her opposition by that purported deadline. Instead, she filed her opposition on January 27, 2009. As such, her opposition is untimely.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 4

    The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

    "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III.   ANALYSIS

**A.   Title VII Retaliation Claim**

    The Defendants argue that they are entitled to summary judgment on Byas' Title VII retaliation claim alleged in Count Two of the complaint. In that count, Byas alleges that the Defendants terminated her employment after she filed a complaint

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 5

with the Legislature regarding Senator Richards' alleged sexual advances on her and general workplace hostility.

To prevail on a claim for retaliation under Title VII, an employee must make a *prima facie* showing that "(1) she engaged in a protected employment activity, (2) her employer took an adverse employment action after or contemporaneous with the protected activity, and (3) a 'causal link' exists between the adverse action and the protected activity." *Andreoli v. Gates*, 482 F.3d 641, 649 (3d Cir. 2007) (citing *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001)). "If the employee establishes this *prima facie* case of retaliation, . . . the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its conduct and, if it does so, the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006) (quotation marks omitted; citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500-01 (3d Cir. 1997)). "To survive a motion for summary judgment in the employer's favor, a plaintiff must produce some evidence from which a jury could reasonably reach these conclusions." *Id.* (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)).

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 6

It is undisputed that the Plaintiff engaged in a protected employment activity by complaining of harassment.[2] The first element of the Plaintiff's retaliation claim is therefore satisfied. *See*, *e.g.*, *Dooley v. Roche Lab, Inc.*, 275 Fed. Appx. 162, 163-64 (3d Cir. April 28, 2008) (finding the first element "clearly satisfied" where the plaintiff filed a complaint against her employer, alleging unlawful retaliation) (unpublished).

The second element of Byas' retaliation claim is likewise satisfied. Byas claims that her employment contract was not renewed. It is well-settled that "[t]he failure to renew an employment arrangement, whether at-will or for a limited period of time, is an employment action, and an employer violates Title VII if it takes an adverse employment action for a reason prohibited by Title VII[.]" *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 320 (3d Cir. 2008); *see also Kassaye v. Bryant College*, 999 F.2d 603, 607 (1st Cir. 1993) (stating that the refusal to renew an employment contract may give rise to a

---

[2] Title VII provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or *because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding*, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a) (emphasis supplied).

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 7

Title VII claim); *Mateu-Anderegg v. Sch. Dist. Of Whitefish Bay*, 304 F.3d 618, 625 (7th Cir. 2002) (concluding that "it is undisputed that [the plaintiff] . . . suffered an adverse employment action" because of the non-renewal of an employment contract).[3]

This case, like many Title VII retaliation cases, pivots on the third element: causation.

"To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." *Id.* (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)). The Court may consider "'a broad array of evidence' in determining whether a sufficient causal link exists to survive a motion for summary judgment." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d

---

[3] The Defendants dispute that any adverse action was taken against the Plaintiff. They assert, without citation to any relevant authority, that the non-renewal of an employment contract does not constitute adverse employment action for Title VII purposes. That assertion is unsupported by law.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 8

217, 232 (3d Cir. 2007) (quoting *Farrell*, 206 F.3d at 284), *cert. denied*, 128 S. Ct. 2053 (2008). "Where the temporal proximity between the protected activity and the adverse action is unusually suggestive, it is sufficient standing alone to create an inference of causality and defeat summary judgment." *Id.* (quotation marks and citations omitted).

The record in this case reveals that Byas reported Senator Richards' alleged harassment on October 15, 2004, and November 15, 2004. Byas' two-year period of employment ran from January 13, 2003 to January 10, 2005. Thus, approximately two to three months elapsed between Byas' protected conduct and the alleged adverse employment action taken against her. That length of time, standing alone, is insufficient to be "unusually suggestive" of a causal link. *See*, *e.g.*, *Williams v. Phila. Housing Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (finding that two months was not "unusually suggestive"); *but see Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 369 (3d Cir. 2008) (finding three days sufficient), *cert. denied sub nom. N.Y. Law Publ. Co. v. Doe*, 129 S. Ct. 576 (2008).

Although the timing of Byas' protected conduct and the non-renewal of her contract is inadequate on its own to show causation, Byas may still couple that timing with some evidence of a pattern of antagonism to create a genuine question of

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 9

material fact regarding causation.[4] *See Johnson v. Univ. of Wisconsin-Eau Claire*, 70 F.3d 469, 481 (7th Cir. 1995) ("[T]he timing of [a] non-renewal decision, in combination with . . . other facts . . ., may be enough to create a genuine issue of material fact regarding the causal link between [a] complaint and . . . non-renewal.").

In her verified complaint,[5] Byas asserts that after the filing of her complaint against Senator Richards the working environment at the Legislature grew more hostile than before. Byas also asserts that, on November 24, 2004, a senator looked directly at her and "laughingly remarked to a male employee standing beside her that he would not go any closer because he

---

[4] Apparently convinced that she could rely exclusively on the temporal closeness between her complaint and the non-renewal of her employment contract, the Plaintiff has not explicitly attempted to demonstrate a pattern of antagonism.

[5] Byas' verified complaint may be treated as an affidavit for summary judgment purposes. *See*, *e.g.*, *Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985) (treating a verified complaint as an affidavit in reviewing a ruling on a summary judgment motion); *see also Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) ("[T]he allegations in [a] verified complaint may be considered competent evidence insofar as they comply with the requirements of Federal Rule of Civil Procedure 56(e)."). The portions of Byas' verified complaint relied upon in this Memorandum Opinion satisfy the requirements of Rule 56(e). While many of the allegations in Byas' complaint are generally denied by the Defendants in their answers, such conclusory denials are insufficient to carry their burden on a summary judgment motion. *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (explaining that conclusory denials are insufficient to overcome well-supported allegations in the summary judgment context).

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 10

was not going anywhere near the women at the Legislature."
(Compl. 5, ¶ 54, Dec. 22, 2006.)

After an exhaustive review of the record, the Court is unable to find any other legally sufficient evidence of antagonistic conduct arising out of the aftermath of Byas' filing of her complaint that could create an inference that there was a pattern of antagonism. Significantly, taken together, Byas' claims of antagonistic conduct -- which really amount to one general allegation of hostility and one isolated incident -- do not rise to the level of a pattern of antagonism recognized in this circuit as sufficient *prima facie* evidence of retaliation. *See*, *e.g.*, *Martinez v. Rapidigm, Inc.*, 290 Fed. Appx. 521, 527 (3d Cir. Aug. 28, 2008) ("[T]he 'pattern of antagonism' that [the plaintiff] alleges, which essentially amounts to petty intra-office squabbles, does not amount to the type of antagonism we have recognized.") (unpublished); *cf. Hare v. Potter*, 220 Fed. Appx. 120, 129 (3d Cir. March 21, 2007) (finding *prima facie* evidence of retaliation where the plaintiff adduced evidence that, among other things, the employer "expressly threatened to retaliate against her if she pursued her claim") (unpublished); *Kachmar v. Sungard Data Sys.*, 109 F.3d 173, 178-79 (3d Cir. 1997) (finding that an employer's direct statements that the plaintiff was no longer on the management track because of her complaints about salary and campaigning on women's issues, would permit a

factfinder to conclude that the plaintiff's protected conduct was the cause of the employer's adverse action); *Robinson v. Se. Pa. Transp. Auth.*, 982 F.2d 892, 895 (3d Cir. 1993) (concluding that a pattern of antagonism existed where the employer engaged in a "constant barrage of written and verbal warnings . . ., inaccurate point totalings, and disciplinary action, all of which occurred soon after plaintiff's initial complaints and continued until his discharge").

As noted above, temporal proximity and a pattern of antagonism are not the sole avenues to establish causation. A plaintiff may proffer evidence that, viewed as a whole, raises an inference of retaliation. The Court has intensively reviewed the entire record and concludes that Byas has failed to do so.[6]

---

[6] Even if Byas succeeded in making out a *prima facie* case of discrimination, the burden would then shift to the Defendants to present a legitimate, non-retaliatory reason for the non-renewal of Byas' employment contract. The Defendants have done so. They have provided competent evidence that Byas' period of employment was scheduled, from the very beginning of her employment term, to terminate on January 10, 2005. Given this legitimate reason, the burden would shift back to Byas to create an inference that the Defendants' reason for the non-renewal of her contract is false or pretextual. Byas has not done so.

Byas asserts that it was customary for a legislative staffer to be reassigned to another senator in the event the senator for whom that staffer initially worked was not reelected. Byas claims that it was her understanding that she would also be reassigned after January 10, 2005. That understanding notwithstanding, the record shows conclusively that Byas' employment term began on January 13, 2003 and was scheduled to end on January 10, 2005. Byas does not contend that she was unaware of that fact when she was hired. In any event, Byas has

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 12

Accordingly, the Court will grant the motion with respect to Count Two.

## B. Title VII Disparate Treatment Claim

The Government contends that summary judgment is appropriate on Byas' Title VII claim of disparate treatment against the Legislature in Count Three. In that count, Byas alleges that she is female, had a fine track record at work, and was treated less favorably than similarly situated males.

"Disparate treatment discrimination is proven by either using direct evidence of intent to discriminate or using indirect evidence from which a court could infer intent to discriminate." *Doe*, 527 F.3d at 364. The employee must first make a *prima facie* case of disparate treatment. *Id.* A plaintiff alleging a Title VII disparate claim must "offer sufficient evidence that she was: (1) a member of the protected class, (2) qualified for the position she sought, and (3) nonmembers of the protected class were treated more favorably." *Goosby v. Johnson & Johnson*

---

adduced no evidence whatever that reassigning the staffers of outgoing senators to other senators' offices was a policy of the Legislature, that similarly situated employees were beneficiaries of that policy and that she was prohibited from availing herself of that policy. *See Montgomery v. Chao*, 546 F.3d 703, 707 (D.C. Cir. 2008) ("In the absence of evidence that the comparators were actually similarly situated to him, an inference of falsity or discrimination is not reasonable.") (quotation marks and citations omitted); *see also*, *e.g.*, *McGill v. Munoz*, 203 F.3d 843, 848 (D.C. Cir. 2000) (holding that the plaintiff provided no evidence of pretext where she "offered no evidence that employees with similarly suspicious patterns of absenteeism were treated any differently than she was").

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 13

*Medical, Inc.*, 228 F.3d 313, 318-19 (3d Cir. 2000) (citing *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 522 (3d Cir. 1993)). "[T]he elements of that *prima facie* case must not be applied woodenly, but must rather be tailored flexibly to fit the circumstances of each type of illegal discrimination." *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996). If the employee succeeds in making out a *prima facie* case, "the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for its adverse employment decision." *Doe*, 527 F.3d at 364. "If the employer is able to do so, the burden shifts back to the employee, who, to defeat a motion for summary judgment, must show that the employer's articulated reason was a pretext for intentional discrimination." *Id.*

It is undisputed that Byas, as a woman, is a member of a protected class. *See Doe*, 527 F.3d at 364 ("Title VII prohibits employment discrimination based on an individual's sex."). There is likewise no dispute that the Plaintiff was qualified for her job. The viability of the Plaintiff's disparate treat claim therefore turns, at least in the first instance, on the third element of the inquiry.

Neither in her verified complaint nor in the three short paragraphs she dedicates to her disparate treatment claim in her opposition papers does Byas set forth any facts to support her conclusory allegation that she was treated differently from

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 14

similarly situated men. Instead, she alleges that the "Legislature took no action to remove . . . male members and employees or protect . . . female employees. (Verified Compl. ¶ 65.) Significantly, that allegation suggests that Byas' real grievance derives from the Legislature's purported failure to discharge offensive male colleagues, not its disparate treatment of male and female employees. Byas concedes that disparate treatment may be shown by comparison to similarly situated male employees. She claims, however, and without citation to any authority whatever, that another means of demonstrating disparate treatment is by showing that "the harassers are permitted to remain in the workplace, blameless and uncensured, while the person harassed is terminated." (Pl.'s Mem. in Opp'n to Defs.' Mot. for Partial Summ. J. at 7.)

Notwithstanding Byas' unsupported reading of the law, she has failed to make out a *prima facie* case of disparate treatment. Her failure to point to a single male employee who was in a position similar to hers and who was treated more favorably than she, is fatal to her disparate treatment claim.[7] *See*, *e.g.*,

---

[7] In her opposition, the Plaintiff seems to suggest that she was treated less favorably than Senator Richards, who was not discharged from his position notwithstanding his alleged misconduct. To the extent the Plaintiff seeks to use Senator Richards as a comparator, the Court has little doubt that a legislative staffer with a fixed-term contract is not similarly situated -- in any sense of the phrase -- to an elected official of the legislative body in which that staffer works.

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 15

*Thomas v. Compuware Corp.*, 105 Fed. Appx. 60, 65 (6th Cir. 2004) (affirming summary judgment for the employer where the plaintiff "points to no similarly situated individuals -- that is, individuals who were performing the same basic job and had received similarly unsatisfactory performance appraisals -- to whose salary calculations she could compare her own"); *Kidd v. MBNA Am. Bank, N.A.*, 93 Fed. Appx. 399, 401 (3d Cir. March 25, 2004) (concluding that the plaintiff "failed to provide any evidence that similarly situated persons not in a protected class were treated more favorably in any of her other denials of promotion") (unpublished); *cf. Williams v. URS Corp.*, 124 Fed. Appx. 97, 100-01 (3d Cir. Feb. 16, 2005) (finding a *prima facie* case where the plaintiff provided evidence that every other employee in her office "received a salary within the range established for that employee's pay grade" while the plaintiff's salary fell below the range for her grade) (unpublished). Accordingly, the Court will grant the Defendants' motion with respect to Count Three.

**C.    False Imprisonment Claim**

The Defendants argue that they are entitled to summary judgment on Byas' claim of false imprisonment alleged against Senator Richards, in his official and personal capacities, in Count Ten.  In Count Ten, Byas alleges that Senator Richards

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 16

isolated her and prevented her from escaping his sexual advances without her consent.

To prevail on her false imprisonment claim, Byas must show that: (1) Senator Richards intended to confine her within boundaries he himself fixed; (2) Senator Richards' actions directly or indirectly resulted in her confinement; and (3) Byas was conscious of the confinement or was harmed by it. Restatement (Second) of Torts § 35 (1965).[8]  For liability to attach to Senator Richards, Byas' alleged confinement must have been complete. *Id.* at § 36(1).  The tort of false imprisonment "is complete with even a brief restraint of the plaintiff's freedom[.]" *Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004) (quotation omitted).

In the Defendants' view, summary judgment is appropriate because Byas has not and cannot adduce any evidence to show that Senator Richards actually confined or isolated her.  They rely generally on the allegations of the Plaintiff's verified complaint.  Without reference to any specific allegations in Byas' complaint, the Defendants state that any interactions with Senator Richards about which Byas complains would have been too fleeting to sustain a false imprisonment claim.

---

[8]  In the absence of local law to the contrary, the Restatements of Law are the law of the Virgin Islands. V.I. CODE ANN. tit. 1, § 4.

To the extent the Defendants seek to meet their burden by arguing that Byas' alleged confinement was too short-lived, they come up short. The Restatement does not specify a durational threshold for confinement. Other jurisdictions make clear that any confinement, no matter its duration, suffices for false imprisonment purposes. *See*, *e.g.*, *Blankenhorn v. City of Orange*, 485 F.3d 463, 486 n.15 (9th Cir. Cal. 2007) (explaining that, under California law, "[f]alse imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short") (quotation omitted); *Kelly v. Curtis*, 21 F.3d 1544, 1556 (11th Cir. 1994) (holding that, under Georgia law, "false imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty") (quotation omitted); *Lolley v. Charter Woods Hosp., Inc.*, 572 So. 2d 1223, 1225 (Ala. 1990) ("'[F]alse imprisonment' is defined as the unlawful detention of the person of another for any length of time whereby that person is deprived of his or her liberty.").

Moreover, because there are material facts in dispute with respect to the false imprisonment claim, the Court will deny the motion with respect to Count Ten.

## IV. CONCLUSION

For the reasons given above, the Defendants' motion will be granted to the extent it seeks summary judgment on Counts Two and

*Byas v. Legislature of the V.I., et al.*
Civil No. 2006-238
Memorandum Opinion
Page 18

Three. However, the motion will be denied insofar as it seeks summary judgment on Count Ten. An appropriate Order follows.

                                                S\_____
                                                    **CURTIS V. GÓMEZ**
                                                        **Chief Judge**